```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
SAMIHA ALAYAN and ZEYAD BARAZANJI,  :   COMPLAINT
                                    :
          Plaintiffs,               :
                                    :   Index No.
    - against -                     :
                                    :
PERMANENT MISSION OF SAUDI ARABIA   :
TO THE UNITED NATIONS,              :
                                    :
          Defendant.                :
- - - - - - - - - - - - - - - - - -x
```

Plaintiffs SAMIHA ALAYAN ("Alayan") and ZEYAD BARAZANJI ("Barazanji"), by their attorneys, Law Office of Michael L. Ferch, as and for their Complaint, hereby allege as follows:

**Preliminary Statement**

1.   Plaintiffs Alayan and Barazanji bring this civil action against their former employer, the Permanent Mission of Saudi Arabia to the United Nations (the "Mission") for breach of contract, breach of implied-in-fact contract, fraud, and unjust enrichment, in violation of Plaintiffs' rights pursuant to various Federal, New York State and common laws.

2.   As a result of Defendant's wrongful conduct, Plaintiffs seek compensatory and punitive damages, as well as interest, costs and attorneys' fees pursuant to applicable laws.

**The Parties**

1

3. Plaintiff Samiha Alayan ("Alayan") is a resident of the City of Freeport, County of Nassau, State of New York. Alayan is over 60 years old.

4. Plaintiff Zeyad Barazanji ("Barazangi") is a resident of Riverdale, Borough of the Bronx, County of New York, State of New York. Barazangi is over 60 years old.

5. Defendant Permanent Mission of Saudi Arabia to the United Nations (the "Mission"), has its business located at 809 U.N. Plaza, 10th Floor, New York, New York 10017.

### Jurisdiction and Venue

6. The amount in controversy herein exceeds Seventy-Five Thousand ($75,000) Dollars exclusive of interest and costs.

7. The Court has jurisdiction over Defendant and this action based on the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§1330, 1602 - §1611, and this Court's pendent jurisdiction.

8. The Court has jurisdiction based on the complete diversity of the parties pursuant to 28 U.S.C. §1332.

9. Venue in this District is proper pursuant to 15 U.S.C. §§1391(a)(1) and (2) in that the Defendant transacts business, maintains its principal place of business, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in, the Southern District of New York.

### Statement of Facts

10. Plaintiff Alayan was employed full-time by the Mission

for over 34 years.

11. Alayan was employed as a secretary for the entirety of her employment by the Mission, until she was abruptly terminated by the Mission in or about November 2017.

12. Plaintiff Barazanji was employed full-time by the Mission for over 28 years.

13. Barazanji was employed as a translator for the entirety of his employment by the Mission, until he was abruptly terminated by the Mission in or about November 2017.

### The First Contracts

14. The first contracts (hereinafter referred to as the ("First Contract" or "First Contracts") were signed by Plaintiffs: in or about October 1984 for Alayan, and in or about July 1989 for Barazanji.

15. The First Contracts provided for a one-year term of employment, automatically renewable unless one of the parties notified the other to the contrary.

16. Under the First Contracts, Plaintiffs were afforded vacation and sick leave, but not health insurance or social security benefits. Severance was also stated as two weeks pay for every year Plaintiffs, respectively, worked for the Mission.

17. The First Contracts were drafted by the Mission and it received no input from Plaintiffs and was not otherwise subject to any negotiation or amendment whatsoever.

### The Second Contracts

18. In or about 2009 or 2010, the Mission updated its contract with Plaintiffs ("Second Contract" or "Second Contracts"), yet the two-week's pay for each year of service severance provision remained.

### The Third Contracts

19. However, in or about 2014, the Mission changed its contracts again ("Third Contract" or "Third Contracts") to follow the example of all other Arab Missions to the United Nations by stating in its employment contracts that the Mission would pay one-month's last base salary as compensation for each year of service, to be applied retroactively.

20. On the very same day the Third Contracts were discussed with Plaintiffs, then Ambassador to the U.N., Abdallah Yahya A. Al-Mouallimi, stated "I have good news: you are covered with one (1) month of severance for each year of service," or words to that effect.

21. Plaintiffs, and approximately 10-15 other employees, were in a conference room at the Mission's New York City office when they were told and promised this by the Mission's representative.

22. Plaintiffs signed the Third Contracts at that time and were informed by the Mission that it would then sign them and return a fully-executed contract to Plaintiffs.

23. Despite repeated requests thereafter, Plaintiffs never received copies of the fully executed Third Contracts and were informed by or lead to understand by the Mission that these Third Contracts were never fully executed and/or removed from Plaintiffs' personnel files.

24. Nevertheless, Plaintiffs continued to work for the Mission in reliance on the Third Contract and the promise of receiving one month's severance per year of employment should they leave, retire, or be terminated.

### Termination and Post-Termination

25. Plaintiffs were both terminated by the Mission in or about November 2017.

26. At that time, again in a meeting in a conference room at the Mission's New York City office with other employees present, the head of Human Resources for the Mission at that time, Mr. Fahad Al-Harbi, and Mr. Ayman Abu Shal, the prior Chief of Finance and Personnel, both promised Plaintiffs one month's severance for each year of employment dating back to their original employment date for their years of loyal service.

27. The Mission was aware of this promise and its obligation to pay the severance amounts as calculated based on a one-month base pay per year of service, as promised and set forth in the Third Contracts, but declined to honor its promise.

28.   Mr. Fahad Al-Harbi, stated to Plaintiffs that their respective personnel files did not include any signed, Third Contracts.

29.   Prior to Plaintiffs' termination, several other Mission employees were terminated and received one-month severance for each year of employment.

30.   In April 2018, Plaintiffs (and many if not all of the terminated employees) were told at the Mission's offices by a group of three nationals who traveled to the Mission from the Kingdom of Saudi Arabia that under no uncertain terms (and under pressure and great duress), that to receive any severance at all, they must sign a severance agreement drafted by the Mission.

31.   The severance payment offered to Plaintiffs was approximately Twenty-Two Thousand ($22,000.00) Dollars (US) each.

32.   Plaintiffs were instructed to sign, then pick up their respective checks <u>the very next day</u>, or else they would forfeit any and all rights to severance, and that "the money would be taken right back to Saudi Arabia," or words to that effect.

33.   Plaintiffs would not accept the Mission's reversal of its severance policy, promises and contractual obligations, and declined to sign any severance agreement or accept the amount offered by the Mission.

## COUNT ONE -- Breach of Contract

34.   Plaintiffs re-allege Paragraphs 1 through 33 and

incorporate them by reference with the same force and effect as if fully set forth herein.

35. Plaintiffs and the Mission entered into a revised, Third Contract in or about 2014, which gave Plaintiffs one-month's severance at their last pay rate for every year worked for the Mission.

36. Plaintiffs dutifully and diligently worked for the Mission pursuant to the terms and conditions of the Third Contract until their termination by the Mission.

37. The Mission breached the Third Contract by failing to honor the Third Contract severance provisions.

38. Accordingly, Plaintiffs were damaged by the Mission's breach of contract.

**COUNT TWO -- Breach of Implied-in-Fact Contract**

39. Plaintiffs re-allege Paragraphs 1 through 38 and incorporate them by reference with the same force and effect as if fully set forth herein.

40. Plaintiffs were employed by the Mission and worked faithfully and loyally for decades.

41. The Mission promised Plaintiffs that they would receive severance amounting to one month's pay for each year of service for the Mission.

42. All parties understood this agreement, and the Mission

7

clearly and unequivocally expressed its intention to provide said severance compensation to Plaintiffs.

43. The Mission provided other terminated employees with one month's severance at their last pay rate for every year worked for the Mission.

44. Defendant Mission failed to honor its arrangement with Plaintiffs.

45. Accordingly, Plaintiffs were damaged by the Mission's breach of the parties' implied contract.

## COUNT THREE -- Fraud

46. Plaintiffs re-allege Paragraphs 1 through 45 and incorporate them by reference with the same force and effect as if fully set forth herein.

47. Separate and apart from Plaintiffs contracting to receive a more generous severance pursuant to their Third Contracts, the Mission and its representatives fraudulently misrepresented to Plaintiffs (and many other terminated Mission workers) that, indeed, they would receive the severance as promised.

48. Based on the statements by the Mission and its individual representatives as alleged hereinabove, the Mission fraudulently induced Plaintiffs to work and continue working for the Mission, all the while realizing it was enticing Plaintiffs to

work for the Mission under the false promise of increased and retroactive severance.

49. The Mission and its representatives were reckless in making such false, fraudulent, and misleading statements to Plaintiffs.

50. Accordingly, Plaintiffs were damaged by the Mission's breach of the parties' implied contract.

### COUNT FOUR – Unjust Enrichment

51. Plaintiffs re-allege Paragraphs 1 through 50 and incorporate them by reference with the same force and effect as if fully set forth herein.

52. The Mission promised Plaintiffs one-month's severance By refusing to pay Plaintiffs as promised, the Mission has been enriched at the expense of Plaintiffs by failing to pay any severance, let alone the one-month severance.

53. It is unjust for the Mission to withhold and keep severance monies promised and rightfully belonging to Plaintiffs.

### Prayer for Relief

**WHEREFORE**, Plaintiffs demand compensatory and punitive damages from Defendant, in an amount to be determined by this Court, but in no event less than One Hundred Twenty-Nine Thousand Seven Hundred Forty-Three Dollars and Eighty-Two Cents ($129,743.82 (US)) for Plaintiff Alayan, and One Hundred Thirty-One Thousand Seven Hundred Ninety Dollars ($131,790.00 (US)) for contractual

damages, punitive damages in an amount to be determined by this Court, the costs and disbursements of this action, including reasonable attorneys' fees, all applicable interest, and any and all such other and further relief to Plaintiffs that this Court deems just and proper.

Dated:   New York, New York
         October 31, 2018

                                              Yours, etc.,

                                              PLAINTIFFS SAMIHA ALAYAN and
                                                ZEYAD BARAZANJI

                                              LAW OFFICE OF MICHAEL L. FERCH

                                              By: _____
                                                  Michael L. Ferch [MF6211]
                                              *Attorneys for Samiha Alayan and*
                                                *Zeyad Barazanji*
                                              280 Madison Avenue #912
                                              New York, New York 10016
                                              Tel:(212) 757-2520
                                              Fax: (718) 972-4505
                                              michael@ferchlaw.com