

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-13-19

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

MO ENDORSE

| | |
|---|---|
| Samiha Alayan and Zeyad Barazanji )<br>)<br>) | Civil Action No. 1:18-CV-10068 ALC |
| Plaintiff(s) )<br>) | APPLICATION FOR ORDER FOR<br>SERVICE BY PUBLICATION; ORDER<br>FOR SERVICE BY PUBLICATION |
| v. )<br>) | |
| Permanent Mission of Saudi )<br>Arabia to the United )<br>Nations )<br>) | |
| Defendant(s) | |

### APPLICATION FOR ORDER FOR SERVICE BY PUBLICATION

**COMES NOW THE PLAINTIFFS**, Samiha Alayan and Zeyad Barazanji, who submit this Application for Order for Service by Publication.

### FACTS OF THE CASE

This case is related to a civil dispute as described in the Complaint, including breach of contract, breach of implied-in-fact contract, fraud, and unjust enrichment.

### REQUEST

Plaintiff has been unable to properly serve the **Permanent Mission of Saudi Arabia to the United Nations, ("Defendant")** or locate a

1

valid address for service on the Defendant, through their agents or officers. Plaintiff hereby requests that the Court issue an Order for Service by Publication for a minimum period of once a week for four (4) consecutive weeks in the online legal notice publication, *Global Legal Notices®*, a website of general circulation which specializes in international service by publication in Saudi Arabia. Their publication policy is to publish the Order, any notices, and <u>all</u> court-issued documents continuously for a period of four (4) consecutive months, which exceeds statutory requirements, or until such time as may be requested by attorney for Plaintiff.

**ARGUMENT**

Plaintiff has attempted unsuccessfully to serve the Defendant utilizing traditional service of process methods. However, the Defendant has made itself unavailable for service. Attempts were made to personally serve an officer, agent or appropriate employee of the Defendant without success, as described in the Declaration of Diligence, attached hereto, as Exhibit "B".

The only available alternative method of service is service by publication. However, newspapers in Saudi Arabia do not allow for publication of legal notices which originate outside of Saudi Arabia. The only known method for service by publication in Saudi Arabia is through *Global Legal Notices®* which provides a more

2

thorough method to give actual notice to the defendant, as described on their legal notice website at www.GlobalLegalNotices.com.

This method allows for a greater opportunity to give actual notice to the Defendant than service by publication in a traditional newspaper, see Exhibit "A", attached hereto. It provides publication of the Court Order, plus the entire set of Court-issued documents. Further, the publication period exceeds the customary once a week for four (4) consecutive weeks by continually publishing the documents for four (4) months. In addition, a Google search by the Defendant's name and country will typically appear on page one of the Google search after approximately 5 days, thus, providing a greater opportunity to give actual notice to the Defendant.

## POINTS AND AUTHORITIES

The U.S. Supreme Court in Mullane v. Central Hanover Trust & Bank Co., 22 ILL.339, U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950), found that, *"It is a logical step forward in the evolution of civil procedure that the use of new technologies in common communication be utilized."*

U.S. courts have reasoned that service by publication on foreign defendants is permitted under Federal Rules of Civil Procedure 4(F)(3). Rule 4 allows service of process on a foreign individual:

(1) by internationally agreed upon means of service reasonably calculated to give notice; (2) by a reasonably calculated method as prescribed by the country's law for service for general actions or as the foreign authority directs to a letter rogatory; or (3) by other means not prohibited by international agreement. Because the 1993 amendments to FRCP 4(F) urge that FRCP (4)(3) be construed liberally, the courts have interpreted FRCP 4(F)(3) as authorizing them to utilize technological advancements for serving foreign defendants.

Federal Rules of Civil Procedure, Rule 4((3)(1) provides that *"Service of an individual . . . may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located . . ."*

The challenge facing plaintiff in this case is there are no traditional newspapers in Saudi Arabia that will allow for publication of legal notices which originate in courts in the United States.

## CONCLUSION

*Global Legal Notices®* offers an improved method of providing actual notice to a defendant of a pending lawsuit while satisfying the Court's requirements for service by publication.

It is widely held that service by publication has a limited success rate in providing actual notice to a defendant that a legal case is pending. Yet, courts routinely issue an order allowing for service

by publication in a newspaper, either print or online, as a last resort method to complete service of process.

Wherefore, Plaintiff respectfully requests that the Court issue an Order for Service by Publication in the instant case.

Respectfully submitted,

_____
Michael L. Ferch
On behalf of Plaintiff

## ORDER FOR SERVICE BY PUBLICATION

IT IS SO ORDERED THAT the Summons in a Civil Action, Complaint, and this Order shall be served by publication in Global Legal Notices, an online legal notice publication for a period of four (4) consecutive weeks and that Proof of Publication be filed with this Court.

_____
Judge, United States District Court
Southern District of New York

12-13-19

5