USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: May 17, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SAMIHA ALAYAN AND ZEYAD BARAZANJI,**<br><br>        **Plaintiffs,**<br><br>-against-<br><br>**PERMANENT MISSION OF SAUDI ARABIA TO THE UNITED NATIONS,**<br><br>        **Defendant.** | **18-CV-10068 (ALC)**<br><br>**MEMORANDUM AND ORDER** |

**ANDREW L. CARTER, JR., District Judge:**

  Plaintiffs, Samiha Alayan and Zeyad Berazanji, bring this action against Defendant, Permanent Mission of Saudi Arabia to the United Nations (the "Mission"), seeking severance pay owed to them following the non-renewal of their employment contracts with the Mission in 2017. *See* Compl. Pending before the Court is Defendant's motion to dismiss Plaintiffs' complaint. (ECF No. 22.) For the reasons that follow, Defendant's motion is granted.

**Background and Procedural History**

  On November 6, 2018, Plaintiffs commenced this action alleging that they were denied contractually obligated severance pay when they were terminated from the Mission after thirty years of service. *See* Compl. On September 3, 2020, Defendant moved to dismiss this action under three theories. Defendant argues that Plaintiffs' Contracts contained a mandatory forum selection clause which requires Plaintiffs to bring suit in the Kingdom of Saudi Arabia; the Mission is immune from Plaintiffs' lawsuit under the Foreign Sovereign Immunities Act ("FSIA"); and the Court has no jurisdiction over this case as Plaintiffs failed to properly serve Defendant under FSIA

Section 1608(a). Plaintiff opposed the motion on October 22, 2020, and Defendant replied on November 20, 2020. ECF Nos. 28, 33. The Court considers the motion fully briefed.

## DISCUSSION

### I.     Standard of Review

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).  However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681.  Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).  In addition to the factual allegations in the complaint, the court also may consider "the documents attached to the complaint as exhibits, and any

documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## II.     Forum Non Conveniens

Defendant alleges that the forum selection clause requires Plaintiffs to bring this matter in the Kingdom of Saudi Arabia. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013); *accord Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 463 F. Supp. 3d 409, 435 (S.D.N.Y. 2020). Enforcement of a forum selection clause is governed by a four-part test: (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum selection clause was communicated to the resisting party, has mandatory force, and covers the claims and parties involved in the dispute, it is presumptively enforceable. A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching. *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (alterations, quotation marks and citations omitted); *accord Allianz*, 463 F. Supp. 3d at 435.

A "valid forum-selection clause" is "given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63 (internal citation omitted). Accordingly, if a "forum-selection clause is applicable, mandatory, valid, and enforceable, the court must almost always grant [a]

motion to dismiss" on *forum non conveniens* grounds. *Azima v. RAK Inv. Auth.,* 926 F.3d 870, 874 (D.C. Cir. 2019).

In deciding a motion to dismiss for *forum non conveniens* based on a forum selection clause, a district court typically relies on pleadings and affidavits, but cannot resolve any disputed material fact in the movant's favor unless an evidentiary hearing is held. *See Martinez*, 740 F.3d at 216–17; *accord Fagbeyiro v. Schmitt-Sussman Enterprises, Inc.*, No. 17 Civ. 7056, 2018 WL 4681611, at *2 (S.D.N.Y. Sept. 28, 2018). The parties here did not request an evidentiary hearing and relied solely on the pleadings and affidavits. Because the parties' submissions and arguments do not raise any factual disputes, no evidentiary hearing is needed.

Plaintiffs do not dispute steps 1-3 of the *Martinez* analysis. Thus, the Court concludes that the forum selection clause is mandatory, valid, and enforceable. However, Plaintiffs argue that a trial in Saudi Aribia would be unreasonable or unjust. *See Martinez,* 740 F.3d at 217. Plaintiffs posit that a trial in Saudi Arabia "would be so difficult, inconvenient, and potentially dangerous that the Plaintiffs will be effectively deprived of their day in court." Pls.' Mem. Of Law at 7. Plaintiffs further allege that Nelson Tucker, a process service, made two attempts at personal service of the summons and complaint and was turned away under the threat of arrest. According to the process server, he was in fear of his life. *Id.* Additionally, Plaintiffs cite allegations of human rights scandals, the detention of women's rights activists, and the murder of a Saudi Journalist. *Id.* at ¶ 8.

The Court finds these arguments unavailing. The Court is unable to find Saudi Arabia to be an inadequate forum for these claims. While the Court does not believe that Plaintiffs' concerns are trivial, the Court cannot assume that the Courts of Saudi Arabia are unable to adjudicate Plaintiffs' claims. Moreover, Plaintiffs have not pointed to any hostility targeted at this litigation or the

Plaintiffs connected with this case. Notwithstanding the process server's allegations, Plaintiffs' arguments rest mostly on general biases and dangers within Saudi Arabia. *See BFI Grp. Divino Corp. v. JSC Russian Aluminum*, 481 F. Supp. 2d 274, 284 (S.D.N.Y. 2007*)*; *see also BFI Group Divino Corp. v. JSC Russian Aluminum d/b/a RUSAL,* 247 F.R.D. 427, 432 (S.D.N.Y.2007) (denying motion to reconsider *forum non conveniens* dismissal because travel advisory warnings and reports of violence are insufficient to alter determination that Nigeria is an adequate alternative forum). Courts must be cautious before finding incompetence or corruption by other nation's judicial systems. *See Monegasque De Reassurances S.A.M. (Monde Re) v. Nak Naftogaz of Ukraine,* 311 F.3d 488, 499 (2d Cir. 2002) (noting the Second Circuit's reluctance to find foreign courts corrupt or biased). As Judge Haight observed:

> [P]laintiff's preference for an American court cannot be indulged on the basis of an American judge's speculation that his [Egyptian] colleagues would violate their oaths of office. . . . It will be a black day for comity among sovereign nations when a court of one country, because of a perceived "negative predisposition," declares the incompetence or worse of another nation's judicial system.

*Flores v. S. Peru Copper Corp.,* 253 F.Supp.2d 510, 539 (S.D.N.Y. 2002); *see also BFI Group,* 481 F. Supp. 2d at 282–83 (quoting Judge Haight's discussion and finding that Nigeria is an adequate forum despite plaintiff's assertions that the Nigerian courts would not fairly adjudicate the case and that their witnesses would be at risk of physical harm if the case were tried in Nigeria); *Cortec Corp. v. Erste Bank Ber Oesterreichischen Sparkassen AG (Erste Bank),* 535 F. Supp. 2d 403, 411 (S.D.N.Y. 2008) (quoting Judge Haight's discussion and finding Croatia to be an adequate alternative forum despite news reports and government statements suggesting political corruption in the Croatian judiciary).

Courts may consider the safety of litigants when ruling on a motion to dismiss for *forum non conveniens. See generally, e.g., HSBC USA, Inc. v. Prosegur Paraguay, S.A.,* No.

03 Civ. 3336, 2004 WL 2210283 (S.D.N.Y. Sept. 30, 2004). In the present case however, other than the process server's allegation that he was threatened with arrest, Plaintiffs offer only generalized statements regarding the instability in Saudi Arabia in support of its argument that it would be unreasonable or unjust. As to Plaintiffs remaining arguments regarding the difficulty of litigating in Saudi Arabia, this Court may not take into account these private interest factors when there is a valid forum-selection clause. A*tl. Marine Constr*., 571 U.S. at 64 (a party waives the right to challenge a contractually agreed upon forum as inconvenient because any inconvenience "was clearly foreseeable at the time of contracting.") (citation and internal quotation marks omitted). Additionally, several Courts have found Saudi Arabia to be an adequate forum. *See D & S Consulting, Inc. v. Kingdom of Saudi Arabia*, 961 F.3d 1209, 1211 (D.C. Cir. 2020); *Kamel v. Hill-Rom Co.*, 108 F.3d 799 (7th Cir. 1997); *PSINet Consulting Sols. Knowledge Servs., Inc. v. Saudi Petro Gas Co.*, No. Civ. 1320, 2001 WL 869616, at *9 (D. Minn. Aug. 1, 2001). Thus, the Court finds Saudi Arabia to be an adequate alternative forum and grants Defendant's motion for *forum non conveniens* dismissal.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. (ECF No. 22.) The Clerk of Court is directed to close this case.

**SO ORDERED.**

**Dated:  May 17, 2021**
   **New York, New York**              **ANDREW L. CARTER, JR.**
                                       **United States District Judge**